IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-cv-00059-D

| | |
|---|---|
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON DC and UNION INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> GLEN-TREE INVESTMENTS, LLC, DICKY S. WALIA, SANJAY N. MUNDRA, PERKINS & WILL NORTH CAROLINA, INC., and PERKINS & WILL, INC., <br><br> Defendants. | **ORDER ON BILL OF COSTS** |

On September 19, 2012, the court granted plaintiffs' motion for judgment on the pleadings [D.E. 44] over the objection of defendants Dicky S. Walia and Sanjay N. Mundra (collectively, the "defendants"), and judgment was entered in favor of plaintiffs [D.E. 45]. On October 3, 2012, plaintiffs filed a motion for bill of costs [D.E. 46] seeking an award costs against Walia and Mundra. No response was filed, and the matter is now ripe for determination.

Defendants seek $1,178.00 in costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). Federal courts may assess only those costs specified in 28 U.S.C. § 1920. See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).

I.   **Fees of the Clerk**

Plaintiffs seek to recover the $350.00 filing fee in this case. The prevailing party may recover fees of the clerk as taxable costs. See 28 U.S.C. § 1920(1). Accordingly, plaintiffs are awarded $350.00 in filing fee costs.

II.  **Copy Costs**

Plaintiffs seek $828.00 in copy costs. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at *3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir.1999)). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 138-39 (E.D.Va. 1991)). The cost of copies made solely for the convenience of counsel are generally not taxable under § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

Plaintiffs submitted a list of copy charges by date with no indication of what documents were copied or for what purpose. Pls.' Mot. for Costs Ex. B [D.E. 46-2]. Counsel for plaintiffs also submitted a sworn affidavit stating that the requested copying costs were "necessarily incurred" in the case. Id. Ex. D, Aff. of Susan K. Burkhart ¶ 4. Without some detail as to the purpose of the copies, there is no way to evaluate whether they were "necessarily obtained for use in the case," as

2

required by § 1920(4), and were made for allowable purposes, not merely for the convenience of counsel. Neither the statute nor the federal or local rules require that the subject matter and use for each and every document copied be identified, see 28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d)(1); Local Civil Rule 54.1, although it is noteworthy that such specificity is routinely provided by applicants for costs in this district. Nevertheless, in the present case greater specificity is necessary for plaintiffs to satisfy their burden under 28 U.S.C. § 1920(4). Accordingly, plaintiffs' request for copy costs is denied without prejudice. A supplemental request for copy costs may be filed within 14 days from the date of this order, and a failure to do so will constitute a waiver of such costs.

## CONCLUSION

In summary, as the prevailing party and pursuant to 28 U.S.C. § 1920, plaintiffs are awarded $350.00 in filing fee costs and shall have 14 days from the date of this order to file a supplemental request for copy costs. Total costs in the amount of $350.00 are taxed against defendants Dicky S. Walia and Sanjay N. Mundra and shall be included in the judgment. All other requests not referenced in this summary are disallowed.

SO ORDERED. This 25th day of January 2013.

Julie A. Richards
Clerk of Court